Per Curiam.

The plaintiff in this case seems to rely upon common fame pr report as a sufficient justification for not prote sting the notes in question, or giving due notice of nonpayment by the drawer. In order to form a correct idea of this case, it is necessary to consider the true nature of an indorsor on a note of hand. As long as a note of hand remains unindorsed, it has no similitude to a bill of exchange ; but when it is indorsed, its resemblance begins, and it is then governed by the same rules. It then becomes an order by ihe indorsor, on the maker of the note, to pay the in-dorsee the contents. The indorsor, from that moment, becomes the drawer. The maker of the note is in nature of an acceptor, and the indorsee is the person to xohoni it is made payable. The indorsor, therefore, only undertakes in case the maker of the note does not pay. The indorsee, therefore, is bound to apply to the maker of the note. He takes it upon this condition, and therefore in all cases must resort to him. He must know xvlio he is, and where he lives ; and if, after the note becomes payable, he is guilty of neglect, and the maker becomes insolvent, he loses his money, arid cannot come upon the indorsor. 2 Burr. 676. Therefore, before the indorsee of a promissory note brings an action against the indorsor, he must shew a demand, or. *219 due diligence to get the money from the maker of the note ; just as the person to whom a bill of exchange is payable, must shew a demand, or due diligence to get the money from the acceptor, before he brings his action against the drawer ; so that the rule is exactly the same upon promissory notes as it is upon bills of exchange. In the case under consideration, it does not appear that any diligence was used at all to get the money from Sarcedas, the maker of ■these notes, after they were due, or any notice of non-payment ever given to the indorsor; so that none of the requisites of the law have been complied with on the present occasion. We are all, therefore, of opinion, that no suit can be maintained on these notes against the indorsor, as plaintiff" is bound to prove a demand or due diligence to get the money from the maker of the notes, and due notice thereof to the indorsor. A constructive notice arising from insolvency, or supposed insolvency, is by no means sufficient to charge the indorsor. Actual notice should have been given and proved, agreeable to the mercantile usage and custom.
New trial refusedj and rule discharged.
Present, Burice, Grimke, Waties and Bav-